**Opinion issued February 6, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01049-CR, NO. 01-12-01050-CR

————————————

## SHUNTA YVONNE BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1206496, No. 1340301**

## MEMORANDUM OPINION

Shunta Yvonne Brown plead guilty to possession of a controlled substance.

A trial court deferred adjudication of her guilt and placed her on three years'

community supervision.[1] Less than two years later, Brown violated the terms of her community supervision by fraudulently obtaining a controlled substance.[2] The trial court found her guilty of both offenses and assessed punishment at two concurrent, six-year terms of confinement. On appeal, Brown contends in two issues that the trial court erred in denying her motion to suppress because the seizure of her medical records without consent, warrant, or subpoena violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution and article 1, section 9 of the Texas Constitution. We affirm.

## Background

Before pleading guilty to fraudulently obtaining and possessing a controlled substance, Brown moved to suppress two patient agreement forms collected by law enforcement without a warrant or subpoena. She also sought to exclude any statements made by the prescribing physicians who disclosed the patient agreement forms to law enforcement.

We have been provided only a clerk's record for each cause number. There is neither a reporter's record nor any record of the evidence Brown sought to

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2009) (criminalizing possession of more than one gram but less than four grams of controlled substance).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.129(a-1) (West 2011) (criminalizing act of obtaining controlled substance or combination of controlled substances not medically necessary for person receiving prescription).

suppress. For the purposes of this appeal, we are limited to the trial court's findings of fact.

As a member of a Houston Police narcotics squad, Officer J. Kowal investigated persons who fraudulently obtained prescription medications and illegally sold them. In March 2012, an anonymous source told Officer Kowal that Brown had violated the terms of her community supervision because she had received multiple prescriptions for oxycodone from multiple doctors. Based on this information, Officer Kowal requested Brown's Texas Department of Public Safety prescription profile.

The prescription profile revealed that from March 2011 through February 2012, Brown received 159 controlled substance prescriptions from 29 different medical practitioners. Thirty-two different pharmacies filled the prescriptions, including 18 prescriptions for oxycodone. In total, Brown received 2,280 prescription oxycodone tablets. Officer Kowal contacted two doctors listed in Brown's prescription profile. The trial court made the following findings:

1. On March 12, 2012 Officer Kowal met with Dr. Sunil Naik, and informed him that he suspected Ms. Brown of committing prescription drug fraud because of the prescription profile provided to him by DPS.

2. Ms. Brown was a current [ ] patient of Dr. Sunil Naik and Dr. Naik was able to identify her by her driver's license photo that his office staff made a copy of as part of her first [office] visit.

3

3. Dr. Naik provided Officer Kowal with a copy of the patient agreement signed by Ms. Brown, which stated she would not 'obtain mood altering drugs or prescriptions' from any other doctor while also receiving prescriptions from Dr. Naik.

4. Officer Kowal was also informed by Dr. Naik that Ms. Brown did not inform him that she had visited other doctors and received prescriptions for controlled substances from any other doctors.

5. Dr. Naik saw Ms. Brown and issued her prescriptions for oxycodone on November 8, 2011, December 6, 2011, January 6, 2012, February 3, 2012, and March 2, 2012.

6. Officer Kowal did not have a warrant, subpoena, or consent from Ms. Brown when he obtained the patient agreement signed by Ms. Brown contained in her medical records file from Dr. Naik.

7. No subpoena, warrant, or consent from Ms. Brown was obtained to allow the doctor to convey information contained in Ms. Brown's medical file orally.

8. Officer Kowal visited the office of Dr. Hector Tobon, and spoke with Alicia Cerda, the office manager, and informed her of the details of his investigation of Ms. Brown.

9. Ms. Cerda was able to identify Ms. Brown with a copy of her photo ID provided by Ms. Brown at her first office visit.

10. Ms. Cerda provided a copy of the patient agreement signed by Ms. Brown to Officer Kowal.

11. The agreement states that Ms. Brown would not attempt to obtain any controlled substances from any other physician.

12. Ms. Brown never informed Dr. Tobon that she was seeing another physician or obtaining prescriptions for controlled substances from any other doctors.

4

13. Dr. Tobon issued Ms. Brown prescriptions for oxycodone on December 30, 2011 and February 7, 2012.

14. Officer Kowal did not have a warrant, subpoena, or consent from Ms. Brown when he obtained the patient agreement signed by Ms. Brown contained in her medical records file from Dr. Tobon.

15. No subpoena, warrant, or consent from Ms. Brown was obtained to allow the doctor to convey information contained in Ms. Brown's medical file orally.

16. Officer Kowal only obtained the patient agreement from both doctors, not the entirety of the defendant's medical records.

Brown moved to suppress all statements made by Dr. Naik, Dr. Tobon, and their agents as well as any records Officer Kowal obtained in violation of the United States and Texas constitutions. The trial court denied Brown's motion, finding that Officer Kowal, Dr. Tobon, Dr. Naik, and their agents did not violate Brown's rights under the Health Insurance Portability and Accountability Act (HIPAA) and that Brown did not have a reasonable privacy expectation in the signed patient agreement forms. The trial court also found that the Assistant District Attorney did not violate Brown's rights under the United States or Texas constitutions because the District Attorney's office subpoenaed all of Brown's medical records one month before Brown filed a motion to suppress.

After the trial court denied her motion to suppress, Brown plead guilty to possessing a controlled substance and fraudulently obtaining a controlled

5

substance. The trial court sentenced Brown to two concurrent, six-year terms of confinement.

Brown timely appealed the trial court's denial of her motion to suppress.

### Motion to Suppress

Brown contends that her medical record information was inadmissible. Specifically, Brown contends that Officer Kowal violated her rights under the United States and Texas constitutions when he, without a warrant, consent, or subpoena, obtained her signed patient agreement forms from two of her prescribing physicians. While Brown contends that she had a privacy expectation, she does not allege that law enforcement "searched" or "seized" the patient agreement forms or medical record information. We construe her claims as challenges to the warrantless search and seizure of her medical records. *See, e.g.*, *Kirsch v. State*, 276 S.W.3d 579 (Tex. App.—Houston [1st Dist.] 2008), *aff'd*, 306 S.W.3d 738 (Tex. Crim. App. 2010). Brown also does not complain that the officer's actions violated a specific section of HIPAA; she only contends that she had a "reasonable expectation of privacy" in her medical records, including her patient agreement forms, based partially on general allegations of HIPAA violations. The State responds that Brown failed to demonstrate a subjective privacy expectation in the patient agreement forms and, therefore, did not have standing to challenge any defects in the search.

6

## A.    Standard of review

When a defendant challenges a trial court's denial of a motion to suppress, we review the trial court's ruling for an abuse of discretion. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We grant almost total deference to a trial court's determinations of historical facts. *Id*. We use the same deferential standard for mixed questions of law and fact. *Id*. However, we review de novo all other mixed questions of law and fact. *Id*. When, as in this case, the trial court makes findings of fact and conclusions of law, we will uphold the trial court's ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id*. (citing *Valiterra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010)).

## B.    Search of medical records

The United States and Texas constitutions protect against unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. 1, § 9. A defendant has standing to challenge the admission of evidence obtained by an unreasonable search or seizure if she demonstrates that she "had a legitimate expectation of privacy . . . ." *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013); *Rakas v. Illinois*, 439 U.S. 128, 139, 143, 99 S. Ct. 421 (1978); *Castleberry v. State*, Nos. 01-10-00158-CR, 01-10-00159-CR, 01-10-00248-CR, 01-10-00249-CR, 2011 WL 1598841, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, pet.

ref'd). To meet this burden, Brown had to prove that (1) by her conduct she had an actual subjective privacy expectation and (2) society recognizes her subjective expectation as objectively reasonable. *Betts*, 397 S.W.3d at 203. Because it is a legal ruling, we review de novo a trial court's decision regarding a defendant's standing to challenge an unreasonable search and seizure. *Id*. at 204; *see also Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) (affirming defendant's standing to challenge search because he established reasonable privacy expectation).

We do not reach the issue of whether Brown had a subjective privacy expectation because the record does not include any evidence of the released patient agreement forms or the information contained in those forms. Without a record, we must accept all of the trial court's findings. We are unable to determine whether the trial court's findings were based on the content of the challenged patient agreement forms, the lawfully subpoenaed medical records obtained by the district attorney, or witness statements. We will not speculate.

Absent the actual documents Brown sought to protect, we cannot determine whether she had a legitimate, subjective privacy expectation in the information disclosed in those patient agreements. *U.S. v. Miller*, 425 U.S. 435, 442, 96 S. Ct. 1619 (1976) ("We must examine the nature of the particular documents sought to

be protected in order to determine whether there is a legitimate 'expectation of privacy' concerning their contents.") (citation omitted).

We conclude that the trial court did not abuse its discretion in denying Brown's motion to suppress. We overrule both of Brown's issues.

## Conclusion

We affirm.

 

_____
Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.
Do Not Publish. TEX. R. APP. P. 47.2(b).